## C. C. BEAVENS V. THE MAYOR, ALDERMEN AND INHABITANTS OF THE CITY OF HOUSTON.

(Case No. 1338.)

1. ASSESSOR AND COLLECTOR — STATUTES CONSTRUED.— As a result of the change of a city charter, the assessor and collector of taxes for the city retained his office for three months beyond the period of one year, for which he was elected. During the three months he collected $58,678.63, and the by-laws allowed him four per cent. on the amount collected during the term of his office; "*provided,* the aggregate amount of his commissions shall not exceed $4,000 per annum, and in no case shall he withhold for any one month an amount exceeding the average per month of his aggregate commissions." *Held* —

1. The amount of compensation to which the officer was entitled for each of the three months during which his term was protracted by the change of the charter, could not exceed the maximum monthly payment which he could have received under the by-laws, and this could not exceed one-twelfth of the $4,000 per annum, to which his compensation was limited.

APPEAL from Harris. Tried below before the Hon. James Masterson.

*D. U. Barziza* and *A. R. Masterson,* for appellants.

*S. Taliaferro,* for appellee.

BONNER, ASSOCIATE JUSTICE.— Precedence is given to this case, under rule 59, under the following agreed facts and points of law:

"The appellant, C. C. Beavens, was elected to the office of assessor and collector of taxes for appellee, on the 16th day of January, A. D. 1879, for the term of one year, ending January 16, 1880.

"That he qualified and gave bond as such officer in the sum of $20,000, with J. E. Foster, A. B. Brown, J. T. Brown and W. L. Macatee as sureties, conditioned for faithful performance of duty, and to account for and pay over all moneys collected by him during his term of office.

"That by an amendment to the charter, approved

April 21, 1879, the time for the election of officers of said municipal corporation was changed from the first Monday in January, 1880, to the first Monday in April, 1880, and every two years thereafter, thereby prolonging said Beavens' office, giving him a fragment of a term of three months duration.

"That said Beavens fully accounted for all moneys collected by him during the first twelve months he was in office.

"That during said fractional term of three months, between January 16, 1880, and April 16, 1880, the said officer collected taxes to the amount of $58,678.63, of which he paid over to appellee the sum of $56,331.49, retaining as commission, at four per cent., $2,347.14.

"That the by-law of appellee regulating the fees of said officer is in the following words, viz.:

"'That hereafter the city assessor and collector shall receive as compensation for his services a commission of four (4) per cent. on the amount of taxes collected by him, to be retained pro rata from the respective funds collected; provided, the aggregate amount of his commission shall not exceed the sum of four thousand dollars per annum, and in no case shall he withhold for any one month an amount exceeding the average per month of his aggregate commissions.'

"'Passed January 4, 1878.'

"And we agree upon the following as being the only issue of law in this case:

Was said Beavens entitled under said by-law to a commission of four (4) per cent. upon all the collections made by him during said fractional term of three months?

"Was he entitled only to retain the sum of $333,33⅓ for each month of said fractional term as full settlement?

"D. U. BARZIZA and A. R. MASTERSON,
"Attorneys for all the appellants.
"S. TALIAFERRO,
"Attorney for appellee."

Judgment below was rendered for plaintiff (the mayor, aldermen and inhabitants of the city of Houston), for one thousand, three hundred and forty-six dollars and twenty-five cents, the amount claimed in the petition.

The proper construction of the ordinance under consideration is not free from difficulty.

It is our opinion that it was not intended that the compensation of the officer should be absolutely fixed and recoverable for the maximum sum to which he might be entitled on final settlement, because he may have collected in less time than one year, an amount of taxes, the commission on which might equal the $4,000; but that his compensation was to be earned monthly, by the performance of whatever legitimate services might be required of him; the sum due on final settlement not in any event to exceed $4,000, but which might be less, according to the amount of taxes collected.

To give to it the construction contended for by appellant Beavens, might, in the event of vacancy in the office of assessor and collector, and the appointment or election of a new incumbent, make the city liable in the aggregate amounts demanded by both, for a sum greater than the $4,000, which was the evident limit intended to be paid for the performance of the duties of that office for any one year.

The amount allowed appellant by the judgment below was the maximum monthly payment, which he could have received in any event, and we are of opinion that he has no just cause of complaint.

AFFIRMED.

[Opinion delivered February 25, 1881.]